# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RICHARD E. HULL, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>EDWIN G. BUSS, BRUCE LEMMON, )<br>ALLEN FINNAN, KEITH BUTTS, )<br>BRUCE HELMING, )<br>SGT. JENNIFER RINEHART, )<br>OFC. PATTY GUFFEY, )<br>CHARLES A. PENFOLD, )<br>)<br>Defendants. ) | No. 1:12-cv-0340-TWP-DML |

## Entry and Order Dismissing Action

For the reasons explained in this Entry, this action must be dismissed because the complaint fails to state a claim upon which relief can be granted.

## I.

Richard E. Hull is an inmate at the Pendleton Correctional Facility, an Indiana prison. Hull claims that the defendants violated his due process rights and rights secured by the Indiana Constitution in the handling of three disciplinary actions identified as No. ISR 10-09-0060 (resulting in a suspended 15 day earned credit time deprivation), No. ISR 10-09-0121 (resulting in a written reprimand specifically "do not have drug paraphernalia"), and No. ISR 10-09-0112 (resulting in written reprimand). Specifically, Hull alleges that he should not have been found guilty of violating prison rules in these three actions because of insufficient evidence and procedural deficiencies. He also alleges that as a result of these disciplinary

actions he was reclassified out of the "Honor Dorm," was no longer allowed contact visits, and was denied participation in a college degree program. Various prison administrators and personnel are named as defendants. Hull seeks compensatory and punitive damages and expungement of all charges, findings, and other records associated with the three disciplinary proceedings.

## II.

### A.

Because Hull is a "prisoner" as defined by 28 U.S.C. § 1915(h), the court has screened his complaint as required by 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). A Pro se complaint such as that filed by Hull is construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and quoting Fed. R. Civ. P. 8(a)(2)). Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520

F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). ΑA claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility requirement of Rule 8(a)(2) is defeated, however, when a plaintiff pleads himself out of court "by alleging facts that show there is no viable claim.@ *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008); *see also Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

Jurisdiction over the federal claims asserted in the complaint is conferred by 28 U.S.C. § 1331. Hull's federal claims are brought pursuant to 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joliet,* 715 F.2d 1200, 1201 (7th Cir. 1983), *cert. denied,* 465 U.S. 1049 (1984). To state a claim for relief under ' 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004). Such claims are viable only if Hull has asserted the violation of a federal right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a

predicate constitutional violation one cannot make out a *prima facie* case under ' 1983).

## B.

Applying the standards cited above, however, the conduct Hull alleges is not actionable under ' 1983.

The due process clause is triggered when the government deprives an individual of life, property or liberty. *See Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989). The disciplinary proceedings of which Hull complains resulted in written reprimands and the suspended loss of earned good credit time. None of these sanctions or identified consequences deprived Hull of a protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (A[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.@); *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) (AClassifications of inmates implicate neither liberty nor property interests . . . .@); *Higgason v. Farley*, 83 F.3d 807, 809-810 (7th Cir. 1996) (the denial of access to educational programs does not infringe on a protected liberty interest, even if denied the opportunity to earn good time credits). Decisions and actions by prison authorities which do not deprive an inmate of a protected liberty interest may be made for any reason or for no reason. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, the confining authority Ais free to use any procedures it chooses, or no procedures at all@). Also, there is no due process interest or corresponding § 1983

action which can be based on the asserted failure of prison officials to follow their own policies. *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003)("42 U.S.C. ' 1983 protects plaintiffs from constitutional violations, not violations of state laws . . . ."). Accordingly, there is no viable due process claim asserted in Hull=s complaint and the dismissal of this claim as legally insufficient is proper.

Hull also alleges that the defendants violated his equal protection rights in their handling of the disciplinary matters. "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). Simply receiving different or unfair treatment is not enough to raise an equal protection violation. *Huebschen v. Department of Health & Soc. Servs.,* 716 F.2d 1167, 1171 (7th Cir.1983). Hull has failed to allege that he was treated unfairly because of his membership in a particular class and therefore does not allege a viable equal protection claim.

## C.

The foregoing resolves the claims asserted pursuant to 42 U.S.C. § 1983, which is to say the federal claims Hull asserts. This court's jurisdiction over Hull's pendent claims under Indiana law is conferred by 28 U.S.C. § 1367(a), but in the circumstances of this--as is the general rule when federal claims are dismissed prior to trial --the pendent state law claims will be dismissed for lack of jurisdiction. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in

which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

### III.

Although the requirements of notice pleading are minimal, when a plaintiff pleads facts that show his suit is without merit, he has pleaded himself out of court. *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994). For the reasons explained above, that is the case here. Accordingly, this action must be dismissed pursuant to ' 1915A(b), *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. The federal claims will be dismissed with prejudice, while any pendent claims under Indiana state law will be dismissed without prejudice, for lack of jurisdiction.

IT IS SO ORDERED.

Date: 09/19/2012 _____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard E. Hull
DOC #128967
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064